## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CM0125-23** |
| | ) | GPD Report NO. 23-09184 |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER |
| **PAUL JAMES SALGADO**, | ) | RE. DEFENDANT'S MOTION TO |
| DOB: 05/18/1968 | ) | DISMISS |
| | ) | |
| Defendant. | ) | |
| | ) | |

### I.    INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on February 29, 2024, for a hearing on Defendant Paul James Salgado's ("Defendant") Motion to Dismiss Complaint Due to the *De Minimis* Nature of the Alleged Offense (the "Motion"). Present at the hearing were Defendant, in person, with counsel Assistant Alternate Public Defender Therese Dunphy via Zoom, and Assistant Attorney General Christine Tenorio via Zoom for the People of Guam ("the People"). The Court DENIED the Motion from the bench and now issues this Decision and Order memorializing its ruling.

### II.    BACKGROUND

Defendant is charged with Violation of a Court Order (As a Misdemeanor) in violation of 9 GCA § 30.40(a) as follows:

On or about April 5, 2023, in Guam, **PAUL JAMES SALGADO** (*aka* **Paul Ignacio Salgado**) did commit the offense of *Violation of a Court Order (As a Misdemeanor)*, in that he knowingly violated a court order filed on July 26, 2001, in the Superior Court of Guam *Case No. DM0449-01*, enjoining the Defendant from threatening, abusing, molesting, annoying, harassing or disturbing the peace and physical well-being of *Ana Ignacio Salvado*, or from coming within 1000 feet of *Ana Ignacio Salgado*, in violation of 9 GCA § 30.40(a).

Magistrate's Compl. (April 7, 2023).

With respect to the facts which constitute the basis for the Charge, the Declaration in support of the Complaint yields the following:

On or about April 5, 2023 at approximately 10:10 p.m., GPD Officers responded to a Violation of Court Order complaint at a residence in Dededo. At the location, the Officers met with an elderly female individual, Ana I Salgado ("Victim") who informed the Officers that she has a permanent restraining order (DM0449-01) against her son, later identified as **PAUL J. SALGADO** ("Defendant"). Victim provided a copy of the permanent restraining order, which orders Defendant to stay away from and not come within 1,000' feet of Victim, residence of Victim, or the place of employment of Victim, permanently. This order was signed on July 26, 2011 by the Honorable Judge Katherine A. Maraman.

Victim stated that Defendant and his brother, Eddie, arrived at her residence. Eddie was trying to go into his residence (extension near main house) however, the key was no working, Defendant and Eddie started yelling out of anger. Victim stated that Defendant has knowledge of the restraining order against him.

*Affid. of Probable Cause* (April 7, 2023).

On June 26, 2023, Defendant filed a Motion to Dismiss Due to Civil Compromise. After taking the motion under advisement, the Court issued its Decision and Order, on October 24, 2023, denying Defendant's motion, determining that "the Defendant's offense is not coextensive with the civil remedy and such offense does not meet the threshold for possible application of 8 GCA § 80.90." *See* Order re. Dismissal Due to Civil Compromise.

In his present Motion, Defendant argues that attendant circumstances surrounding the alleged conduct support a dismissal of the criminal case, and the harm or evil threatened or

caused is "too trivial to warrant a criminal judgment of conviction." *See* Mot. at 3-4. In support of his Motion, Defendant filed three Exhibits: (1) a Declaration of Crime Victim, signed on April 7, 2023, stating that the Victim does not want the Office of the Attorney General to pursue this criminal case; (2) a Declaration Re. Civil Compromise, signed on June 16, 2023, stating that the Victim agrees to waive prosecution of the criminal complaint filed against Defendant; and (3) a copy of P.L. 31-109. Based on the Motion, Defendant now moves this Court to enter an Order Dismissing the Magistrate's Complaint.

The People oppose Defendant's Motion, arguing that a violation of a court order is not trivial; further, "the permanent restraining order is an important remedy available to victims," and the circumstances surrounding the alleged conduct warrant denial of the Motion. *See* People's Opp'n Mot. at 3, (Feb. 7, 2024).

### III.   **DISCUSSION**

#### A.   **The Defendant's alleged conduct warrants prosecution.**

In determining whether Defendant's acts are *de minimis* under 9 GCA § 30.40(a)(3), the Court first turns to the language of the statute. 9 GCA § 30.40(a)(3) provides, in relevant part, as follows:

> (a) Any knowing violation of any of the following court orders shall be a misdemeanor punishable by imprisonment of no less than forty-eight (48) hours and not more than one (1) year, and by a fine of not more than One Thousand Dollars:
>
> > (3) an order requiring a person to **stay away from the residence, dwelling,** school, day care center, place of employment, or any other specified place or from a specified person, **within five hundred (500') feet of the specified place or specified person.**

(emphasis added).

The Defendant argues that the nature of the conduct and the attendant circumstances leading to the criminal charges support a dismissal of the criminal case. Defendant submits that, although the nature of the charge alleges a Violation of a Court Order by coming within 1,000 feet of the Victim's residence on April 5, 2023, he did not speak or make any attempt to contact the Victim. Mot. at 3. Additionally, the Defendant also submits that he was with his brother the night of the alleged violation – the police report is silent as to whether the Defendant accompanied his brother to the residence or remained in the vehicle. *Id.* Further, the Defendant argues that a judgment of conviction does nothing to protect the Victim, especially when the Victim has stated that she does not seek prosecution and that she has reconciled with the Defendant. *See* Exhibits A and B of Mot. The Defendant also argues that the Protective Order is 22 years-old, and the Defendant has honored the Order, such as avoiding attendance at family functions. Mot. Hr'g. FTR at 2:03:15 PM. The People argue otherwise – restraining orders are granted for the safety of the victim and serve as a remedy for those in fear of another individual, notwithstanding the Victim's desires to drop the charges. *See* People's Opp'n Mot.

The Court agrees with the People. Indeed, courts grant protective orders for the safety of victims. As such, Defendant must obey the Permanent Restraining Order imposed by him for the safety of the Victim. The Permanent Restraining Order contains language notifying the Defendant of the consequences for violating the Order: "VIOLATION OF THIS ORDER MAY SUBJECT YOU TO PUNISHMENT UNDER 9 GCA 30.40, PUNISHABLE BY A FINE OF NOT MORE THAN ONE THOUSAND DOLLARS ($1,000) OR BY IMPRISONMENT NOT MORE THAN ONE (1) YEAR . . ." *See* Permanent Restraining Order (July 26, 2001). The Victim told police that the Defendant knew about the Restraining Order, and the Defendant submits that he is aware of the Order and has honored it for the last 22 years. The Court is not persuaded by the Defendant's

assertion that the police report was ambiguous as to whether the Defendant remained in the car or followed his brother to the residence – certainly, the Defendant may try this issue before a jury as a defense to the allegations against him. The Court is further unpersuaded by the age of the Protective Order, considering the Court at the time found cause to issue such an order for the protection of the Victim. Indeed, if the Defendant wishes to find alternate relief from the Protective Order, there may well be avenues available to the Defendant, which is outside the jurisdiction and purview of this Court. The Court finds that there is a sufficient showing to warrant prosecution through the Victim's statement to police about the Defendant's arrival at the residence, and the granddaughter's corroboration of that statement.

## B.    Defendant's alleged acts are not *de minimis* under 9 GCA § 7.67.

We then turn to the question of whether the acts in which the Defendant is alleged to have engaged are *de minimis* under 9 GCA §7.67. If the Court finds these acts are *de minimis* under this statute, then the court may dismiss the charges against the Defendant. *See People v. Perez*, 2004 Guam 4. Section 7.67 provides as follows:

9 GCA § 7.67. Appropriateness of Prosecution.

The court shall dismiss a prosecution if, **having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances**, it finds that the defendant's conduct:

(a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(b) Did not actually cause or threaten the harm of evil sought to be prevented by the law defining the offense or did so to an extent too trivial to warrant the condemnation; or

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not

dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 GCA § 7.67 (emphasis added)(referred to herein as the "*de minimis* statute").

The *de minimis* statute directs the trial court to dismiss a prosecution if it finds that the defendant's conduct falls within at least one of the three distinct circumstances. *Perez* at ¶¶ 6-9. In considering this question, the Court should assume all factual allegations as true and determine whether the alleged conduct exposes society to a risk of harm sufficient to warrant conviction. *Id.* at ¶ 16. Moreover, the Court is tasked with "focusing on objective factors directly related to the Defendant's conduct and, in particular, the consequences for the societal interests involved." *Id.* at ¶ 12, citing to *State v. Zarrilli*, 523 A. 2d 284 (N.J. Super. Ct. Law Div. 19870, *aff'd*, 532 A.2d 1131 (N.J. Super Ct. App. Div. 1987).

The Guam Supreme Court adopted the New Jersey court's guidance in *Zarrilli*, which eloquently defined the question that the Guam trial courts should answer in determining whether an offense is "truly trivial":

> The protection to which society is entitled is provided by a dismissal only when the offense is truly 'trivial.' Consequently, it is public risk that determines what is trivial. The one question to be asked and answered in response to a *de minimis* motion is therefore:
>
> *What is the risk of harm to which society is exposed by defendant's conduct?*

*Id* at ¶ 12(quoting *Zarilli*) (emphasis added). In determining what factors to consider in answering this question, the Guam Supreme Court noted consideration of: (a) the circumstances surrounding

the commission of the offense; (b) the existence of contraband; (c) the amount and value of property involved; (d) the use or threat of violence; and (e) the use of weapons. *Id.*[1]

The Court now applies these factors as laid out in *Perez* and *Zarrilli*:

### a. Circumstances surrounding the commission of the offense.

The Court must first make "factual determinations with respect to the conduct charged and the attendant circumstances. *Perez* at ¶ 6 (citing *State v. Carmichael*, 53 P. 3d 214, 218 (Haw. 2002)). The Defendant submits that on the night of the alleged offense, Defendant followed his brother, Eddie, to the Victim's residence, where the brother also resides. *See* Mot. at 3. The brother failed to open the entrance to an extension of the house where the brother resides. *Id.* Thereafter, the Defendant and Eddie began yelling at each other, where around this time the Victim most likely called the police to report the Violation. *Id.*; *Affid. of Probable Cause* (Apr. 7, 2023). The Defendant's assertion of the ambiguity whether the Defendant followed the brother to the residence or remained in the vehicle is of no consequence. The Victim, by virtue of her statement to police, knew that the Defendant was around the residence and could hear the Defendant yelling at the brother, prompting the Victim to notify the police. Again, protective orders are designed to protect victims from those whom they fear. Certainly, the Defendant's mere presence at the Victim's residence rises to a level of concern that goes beyond *de minimis*, and the Defendant's violation of that Protective Order is not *de minimis*. Therefore, the Court finds that this factor weighs heavily against finding Defendant's actions *de minimis* or that there was little risk of harm to society by such actions.

---

[1] The Guam Supreme Court noted that *Zarrilli* excluded from consideration any speculation because "every trivial offense can be seen as the first step toward serious misconduct. ... Suspicion that future misconduct may occur is not a basis for a charge of present misconduct in our system of justice." *Zarrilli* at p.238. The New Jersey court also excluded deterrence because it is a sentencing term that does not measure triviality. *Id.*

**b.  The existence of contraband.**

There is no allegation that contraband was involved. Therefore, the Court finds that this factor weighs in finding the risk of harm to society to be lower where no illicit drugs, alcohol, or other substances were also used.

**c.  The amount and value of property involved.**

There is no allegation of property damage in this case. This factor weighs neither for nor against the risk of harm to society.

**d.  The use or threat of violence.**

There is no allegation of violence or the threat of violence, apart from the Victim hearing the Defendant and his brother yelling out of anger after the brother failed to enter his side of the residence. Indeed, the Permanent Restraining Order against the Defendant is designed to prevent such threats of violence. Therefore, the Court finds that this factor weighs low in finding the risk of harm to society.

**e.  The use of weapons.**

There is no allegation of any use of weapons. This factor weighs neither for nor against the risk of harm to society.

Based upon the Court's analysis of the *de minimis* factors set forth herein and considering the information provided to it by the Defendant in support his Motion, the Court DENIES Defendant's Motion. The Court finds the following: (1) that the Defendant's alleged conduct does warrant prosecution, and (2) that the risk of harm to society exposed by Defendant's conduct weighs against the Defendant.

## IV. CONCLUSION

For the above reasons, the Defendant's Motion to Dismiss Complaint Due to the *De Minimis* Nature of the Alleged Offense is **DENIED.**

Trial of this matter shall be scheduled.

**SO ORDERED** this ‌ AUG 1 4 2024 *nunc pro tunc* February 29, 2024.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam